# CIRCUIT COURT OF THE CITY OF RICHMOND

A. Bertozzi, Inc.

v.

John Grier Construction Co.

October 17, 1988

Case No. LL-655-4

By JUDGE RANDALL G. JOHNSON

This case is before the court on defendant's plea of the statute of limitations to plaintiff's amended motion for judgment and on plaintiff's plea of the statute of limitations to defendant's counterclaim. The parties agree that plaintiff's plea is wholly dependent upon the outcome of defendant's plea; that is, whatever ruling is made on defendant's plea must also be made on plaintiff's plea. For the reasons which follow, both pleas will be overruled.

The amended motion for judgment alleges that the parties entered into an oral contract on June 9, 1983, under the terms of which plaintiff was to perform certain renovation and remodeling work as a subcontractor at the Gilpin Courts apartments in Richmond. Defendant was the general contractor. It also appears from pretrial discovery materials filed with the court and from evidence presented at an *ore tenus* hearing on October 5, 1988, that by letter dated June 9, 1983, the same day plaintiff alleges the oral contract was made, defendant mailed two unsigned copies of a written contract employing plaintiff as a subcontractor. By letter dated February 29, 1984, having not received a signed copy of the written contract from plaintiff, defendant informed plaintiff that it was "withdrawing our offer of a contract on the above referenced

project," and requesting "the immediate return of the two unsigned subcontract agreements." This letter was received by plaintiff on March 1, 1984. Although plaintiff subsequently signed the contracts and returned them to defendant, defendant never signed them. This action, seeking damages for breach of the oral contract allegedly entered into on June 9, 1983, was filed on March 5, 1987.

Defendant's plea of the statute of limitations is based on Virginia Code § 8.01-246, which requires an action for breach of an oral contract to be filed within three years after the cause of action accrues. It is defendant's position that plaintiff's cause of action, if any, accrued no later than March 1, 1984, the date on which plaintiff received defendant's letter stating that defendant was withdrawing its offer of contract. If there was a breach of contract, according to defendant, that was it.

On the other hand, plaintiff argues that since the time for the parties' performance under the oral contract had not arrived on March 1, 1984, defendant's "withdrawal of its offer" merely constituted an anticipatory breach of contract.[1] As such, plaintiff argues, the statute of limitations did not begin to run until the time for performance had arrived. Plaintiff's position is correct.[2]

It is now well-settled that an anticipatory repudiation of a bilateral contract gives the non-repudiating party three options: (1) he may rescind the contract altogether; (2) he may elect to treat the repudiation as a breach, either by bringing suit promptly or by making some change of position; or (3) he may await the time for performance of the contract and bring suit after that time has arrived. *Simpson v. Scott*, 189 Va. 392, 398, 53 S.E.2d 21 (1949). Moreover, as was stated in *Simpson*:

---

[1] See generally 4B M.J., Contracts, Section 76.

[2] In making this ruling, the court must assume, but does not decide, that an oral contract between the parties did, in fact, exist. Such a contract is alleged in the amended motion for judgment and, at this stage of the proceedings, must be taken as true.

Since on the happening of an anticipatory breach the promisee has the right, according to practically all the authorities, to await the time for performance and bring suit when that time has arrived, the statute of limitation on the promisee's right of action does not begin to run until the time for performance fixed by the terms of the contract. *Id. See also Taylor v. Wood*, 201 Va. 615, 620, 112 S.E.2d 907 (1960); *Andrews v. Sams*, 233 Va. 55, 58, 353 S.E.2d 735 (1987).

Since the plaintiff here has elected the third option under *Simpson*, and since the parties have stipulated, for purposes of the limitations question, that the time for performance arrived within three years of plaintiff's filing suit, defendant's plea must be overruled.